GAUDIN, Judge.
Citing Art. I, Sec. 20 of the Louisiana Constitution of 1974, Elijah Winzy is before this Court contending that the maximum 40-year sentence he received in the 23rd Judicial District Court for first degree robbery is cruel and excessive punishment.
Winzy, 42 years of age and convicted by a jury, blames drugs and alcohol for his criminal conduct. The fact that he is an addict, Winzy argues, should have been a mitigating factor lessening his sentence.
Considering the nature of the instant crime along with appellant’s past criminal history, we cannot say the trial judge abused the discretion he has in sentencing Winzy to the maximum jail time permitted by LSA-R.S. 14:64.1(B). In passing sentence, the trial judge said:
“This defendant has a very extensive criminal record, as well as a history of crimes of violence, dating back to May of 1966, and continuing on through the‘date of the present offense, including the following: on May 3, 1966, he was arrested in Jefferson Parish for armed robbery and attempted first degree murder, for which no true bill was returned; on October 18, 1966, he was arrested again in Jefferson Parish for armed robbery, which charges were refused; on August 25, 1970, he was arrested by the New Orleans Police Department for simple robbery and on September 4, 1970, this charge was nolle prossed; on March 20, 1973, he was again arrested by the New Orleans Police Department for armed robbery, which resulted in his pleading guilty to simple robbery, for which he was sentenced to five years in the Department of Corrections; on March 2, 1977, he was arrested by the Jefferson Parish Sheriffs Office for armed robbery on a warrant from New Orleans and these charges were later refused; on October 11, 1979, he was arrested by the Jefferson Parish Sheriffs Office for armed robbery and these charges were dismissed on April 28, 1980; on October 6, 1982, he was again arrested by the Jefferson Parish Sheriffs Office for aggravated kidnapping, armed robbery, simple burglary and theft, valued under $100.00, the kidnapping, armed robbery and burglary were refused on October 31, 1982, the theft charge was accepted and on December 8th he plead guilty as charged and received a six months sentence in the Jefferson Parish Prison; on January 24, 1986, the defendant was arrested by the Orleans Parish Sheriffs Office for simple robbery and February 28, 1986, was sentenced to serve three years in the Department of Corrections for which he was paroled on January 1, 1988, which parole had an expiration date of January 23, 1989; on March 9, 1988, the defendant was arrested by the Gonzales Police Department for armed robbery and this matter is still pending. It is noteworthy that this defendant was on parole when he committed the instant offense and a parole revocation hearing is pending at this time. Additionally, there are detainers outstanding against the defendant from St. Charles Parish, the Gonzales Police Department and the Kenner Police Department.
“Such an extensive criminal record involving crimes of violence and crimes against the person, convinces this Court that this defendant is a career criminal and merits the maximum sentence available for this offense.
“The Court therefore believes that the defendant is in need of correctional treatment and a custodial environment which can be provided most effectively by his commitment to an institution; that there is an undue risk that during the period of a suspended sentence or probation (for which he is not eligible), the defendant would commit another crime and that any lesser sentence than the maximum would deprecate the seriousness of the crime.
“Following the commission of these robberies, the defendant and his accomplices were involved in a high speed chase by *1190 authorities from Ascension, St. James and St. John Parishes and were finally apprehended and arrested after being stopped by a roadblock in St. John Parish and only after alluding a previous roadblock. Even after being stopped by the roadblock, all four occupants jumped out of the vehicle and attempted to flee on foot but were apprehended by St. James Sheriffs Deputies. Such a scenario, which included the firing of several shots by law enforcement officers during the high speed chase, presented a high degree of risk, to not only the participants of the crime, the officers involved, but also to the general public exposed to this chase on the public highway.
“In considering the factors relevant to suspension of sentence or probation, the court makes the following findings:
“Although the defendant’s conduct did not actually cause any serious physical harm to anyone, such conduct did threaten harm to not only the victim, who was under the impression that she was being robbed at gunpoint, but also the subsequent high speed chase by law enforcement officers presented serious harm to all participants and to the public.
“Surely, the defendant knew or should have known that his conduct in participating in the robbing of an establishment such as this could cause and threaten serious harm.
“The Court has not been provided with any information that the defendant acted under any strong provocation. The only provocation appearing to be his desire to obtain money to continue the partying, which he and his accomplices had been engaged in for the entire night.
“The Court does not find any grounds, substantial or otherwise, tending to excuse or justify the defendant’s conduct. The Court further finds that the victim did not induce or facilitate the commission of this crime.
“The Pre-sentence Report does not indicate that there has been any compensation the the victim in this case. According to the Pre-sentence Report, the store sustained a loss of approximately $164.00 in the robbery, which has not been recovered.
“The Court has previously stated that this defendant does have a very extensive prior history of criminal activity dating back to 1966 and that he is a fourth felony offender and for that reason has not led a law abiding life for a substantial period of time before the commission of the present offense.
“The question of whether or not the criminal conduct resulted from circumstances likely or unlikely to occur, the Court feels must be answered in the affirmative. Because the defendant is a fourth felony offender and because he committed this offense, while on parole, this Court believes that the defendant would very likely continue to engage in criminal conduct and that his character and attitude, as perceived by this Court, indicates that he would likely commit further crimes and would not affirmatively respond to probationary treatment, even were he eligible.
“It does not appear that the imposition of imprisonment will entail any excessive hardship to this defendant. According to the Pre-sentence Report, he was married to Joyce Penn in 1984, but has no knowledge of her present whereabouts; therefore it would appear that this defendant has no one who is dependant upon him for support.
“Actually the Court is impressed by the absence of any mitigating factors in this case, with the exception of perhaps this defendant being addicted to the use of drugs and alcohol.
“Realizing that the imposition of the maximum sentence should only be imposed on the worst offenders and in the worst kinds of cases, the Court feels that the imposition of the maximum sentence in this case is entirely justified.”
These observations and findings are fully supported by the record. We adopt them as our own.
We examined the record for errors patent and found none except that Winzy was not given credit for time served prior to being sentenced. Accordingly, we affirm *1191 the 40-year sentence without benefit of parole, probation or suspension of sentence, with Winzy to be credited with appropriate time served.
AFFIRMED.